IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE LEE TOY, SR.                                                PLAINTIFF

v.                                          CIVIL ACTION NO. 4:24-CV-26-SA-JMV

TAMEKA JONES, JUDGE ABRAHAM GATES,
JUDGE SHIRLEY CUMMINGS, SHERIFF BRUCE
WILLIAMS, HUMPHREYS COUNTY SHERIFF
DEPARTMENT, AND BELZONI POLICE DEPARTMENT        DEFENDANTS

ORDER AND MEMORANDUM OPINION

Willie Lee Toy, Sr., proceeding *pro se*, initiated this civil action by filing his Complaint [1] against Tameka Jones, Judge Abraham Gates, Judge Shirley Cummings, Sheriff Bruce Williams, the Humphreys County Sheriff's Department, and the Belzoni Police Department on March 12, 2024. Jones, Gates, Cummings, Williams, and the Humphreys County Sheriff's Department ("these Defendants") have filed a Motion to Dismiss for Insufficient Service of Process [9]. Toy has not responded to the Motion [9], but his time to do so has passed. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

In short, Toy's Complaint [1] alleges that he was unlawfully arrested and detained. As noted, the Complaint [1] was filed on March 12, 2024. On May 24, 2024, Toy filed Proofs of Service [7], indicating that Jones, Gates, Cummings, and Williams were personally served by the Humphreys County Constable on May 1, 2024. In the present Motion [9], these Defendants contend that they were served copies of summonses *without* the Complaint [1] attached. To their Motion [9], they attach four summonses, presumably to show that they include no attachments. *See* [9], Ex. 1. They contend that this constitutes insufficient services of process and warrants dismissal *without prejudice* under Rule 12(b)(5).

*Analysis and Discussion*

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service was not timely or properly made in accordance with Federal Rule of Civil Procedure 4. *See Ellis v. U.S. Bank Nat. Assoc.*, 2017 WL 4872603, at *1 (N.D. Miss. Oct. 27, 2017) (citation omitted). Relevant here, Rule 4 provides that "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. (4)(c)(1). As such, Toy failed to properly serve the Complaint [1] when he neglected to include the Complaint [1] with the summonses.

Despite Toy's failure to properly serve these Defendants, the Court notes his status as a *pro se* litigant. This Court has on numerous occasions expressed that *pro se* litigants should be extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation. *See, e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Balancing those interests, the Court finds it appropriate to provide Toy a limited amount of time to appropriately complete service of process. *See* Fed. R. Civ. P. 4(m) (explaining that, if service of process is not perfected within 90 days, the court must dismiss the action *unless the plaintiff shows good cause for the failure to do so*). Although Toy has not requested an extension of time, considering his efforts to complete service of process and the circumstances of this case, the Court hereby grants Toy forty-five (45) days from today's date to properly serve Jones, Gates, Cummings, Williams, and the Humphreys County Sheriff's Department.

Lastly, the Court notes an additional issue regarding service of process that was not raised by the parties. In the instant Motion [9], Jones, Gates, Cummings, Williams, and the Humphreys County Sheriff's Department raise one argument: Toy served summonses without an attached Complaint [1]. However, the Court notes that the Clerk of Court only issued summonses to Jones, Gates, Cummings, and Williams. *See* [4]. No summons was issued to the Humphreys County Sheriff's Department. The Clerk of Court is directed to issue summonses to all defendants and mail the summonses to Toy for service.[1]

*Conclusion*

For the reasons set forth above, these Defendants' Motion to Dismiss for Insufficient Service of Process [9] is DENIED *without prejudice*. The Clerk of Court shall issue summonses to all defendants and mail the summonses to Toy. Toy shall have forty-five (45) days from today's date—more specifically, November 9, 2024—to perfect service of process on Jones, Gates, Cummings, Williams, and the Humphreys County Sheriff's Department. Should Toy fail to file Proofs of Service indicating that service of process has been perfected on or before November 9, 2024, the Court will *sua sponte* dismiss his claims against these Defendants without further notice.

SO ORDERED, this the 25th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Defendants have reserved the right to later seek dismissal of the Humphreys County Sheriff's Department on the basis that it is not a legal entity subject to suit.