IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE LEE TOY, SR.                                                               PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:24-CV-26-SA-JMV

TAMEKA JONES, JUDGE ABRAHAM GATES,
JUDGE SHIRLEY CUMMINGS, SHERIFF BRUCE
WILLIAMS, HUMPHREYS COUNTY SHERIFF
DEPARTMENT, AND BELZONI POLICE DEPARTMENT            DEFENDANTS

ORDER AND MEMORANDUM OPINION

Willie Lee Toy, Sr., proceeding *pro se*, initiated this civil action by filing his Complaint [1] against Timaka Jones, Judge Abraham Gates, Judge Shirley Cummings, Sheriff Bruce Williams, the Humphreys County Sheriff's Department, and the Belzoni Police Department on March 12, 2024.[1] There are currently five pending Motions [32, 44, 50, 55, 62] before the Court. Having reviewed the filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

Toy's Complaint [1] alleges that he was unlawfully arrested and detained for nine months. Attached to his Complaint [1] is an incident report Toy filed with the Belzoni Police Department on February 15, 2024. *See* [1], Ex. 1. Attached to the incident report is a statement, which presumably sets forth the factual basis of Toy's claim.

According to the statement, on April 2, 2022, Toy attended a party at the home of Alderman Marvin Jones ("Marvin") and then-Circuit Clerk, now-State Representative Timaka Jones ("Timaka"), a defendant in this action. After a heated conversation ensued between Edna Ball

---

[1] The Complaint [1] names "Tameka Jones" as a defendant. However, the parties' filings indicate that Timaka is the proper spelling of her first name.

(Timaka's aunt) and Toy, Timaka asked Toy to leave, believing he had made inappropriate remarks to Ball.

Toy alleges that after he left, Marvin, Timaka, and others followed him down the street. After Toy asked why Timaka did not go back in the house, Timaka allegedly choked him. Toy alleges he later returned home to find police in his yard. Toy was apparently arrested for threatening Timaka with a firearm.

Toy alleges that on April 4, 2022, he appeared before Humphreys County Justice Court Judge Abraham Gates for a bond hearing. Gates allegedly informed Toy that he was charged with gratification of lust—not a firearm charge. Gates allegedly informed Toy that Gabriel Hummington, Marvin and Timaka's daughter, called and filed the gratification of lust charge against him on the morning of April 4, 2022. Toy bonded out on the charge.

Toy alleges that when he was released from jail, he attempted to press charges against Timaka for assaulting him, but the Belzoni Police Department informed him that he could not press charges against an elected official.

Toy further alleges that his bond was revoked on February 9, 2023 after he discussed the City, including Marvin and other aldermen, on social media. He alleges that a revocation hearing was never held, the gratification of lust charge was no-billed on July 11, 2023, and he was held in jail until November 2023. Though unclear, he appears to allege that Sheriff Bruce Williams and Judge Shirley Cummings were involved in his alleged wrongful detention.

*Analysis and Discussion*

The Court will address the Motions [32, 44, 50, 55, 62] in turn.

I.  *Gates' Motion to Dismiss [32]; Toy's Motion to Grant Gates' Motion to Dismiss [50]*

The Court begins with Gates' Motion to Dismiss for Failure to State Claim [32]. Gates argues that the Complaint [1] fails to state a claim against him because the only allegation relating to him states: "Judge Abraham Gates stated Gabriel Hummington called over and filed charges on me over the phone on the morning of 2/4/2022 for Gratification of Lust (see attached documents)." The statement included in the incident report attached to the Complaint [1] provides additional context that Gates allegedly made this statement when Toy appeared before Gates at a bond hearing on April 4, 2022.

Gates further asserts that even if the Complaint [1] plausibly stated a claim against him, he is entitled to judicial immunity. A judge generally has absolute immunity from suit for judicial actions. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (citing *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). There are two exceptions. "[A] judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity, . . . [and] actions, though judicial in nature, taken in the complete absence of all jurisdiction. Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Id.* (citing *Mireles*, 502 U.S. at 11, 112 S. Ct. 286).

Toy filed a Motion to Grant Gates' Motion to Dismiss [50], though it appears to be a response in opposition to the Motion [32]. Toy's Motion [50] contains factual allegations related to the date of Hummington's call and Gates' statements at the bond hearing. Toy makes no argument as to whether Gates is entitled to judicial immunity.

The Complaint's [1] allegations solely relate to Gates' judicial actions while presiding over a bond hearing. The allegations therefore fail to overcome judicial immunity. Gates' Motion to Dismiss [32] is GRANTED. Toy's claim against him is dismissed *with prejudice*.

Toy's Motion to Grant [50] is DENIED as moot.

II.   *Jones' and Cummings' Motion to Dismiss for Insufficient Service of Process [44]*

Next, Jones and Cummings have moved to dismiss the Complaint [1] for insufficient service of process. *See* [44]. Toy has not responded to this Motion [44] and his time to do so has passed.

By way of background, Jones, Cummings, Gates, Williams, and the Humphreys County Sheriff's Department previously filed a Motion to Dismiss for Insufficient Service of Process [9]. In that Motion [9], they asserted that they each received a copy of the summons without the Complaint [1] attached. Recognizing Toy's *pro se* status, the Court denied the Motion [9] *without prejudice*, directed the Clerk of Court to reissue summonses to all defendants, and allowed Toy 45 days to perfect service. *See* [25]. Toy has since filed Summons Returns [34, 35, 36] as to all defendants.

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Ellis v. U.S. Nat. Bank Assoc.*, 2017 WL 4872603, at *1 (N.D. Miss. Oct. 27, 2017) (citation omitted). Federal Rule of Civil Procedure 4 provides:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > **(2)** doing any of the following:
> >
> > > **(A)** delivering a copy of the summons and of the complaint to the individual personally;

> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

In the present Motion [44], Jones and Cummings allege that they each received a package containing the summons, Complaint [1], and other filings. They allege that the package was left at their front doors. The Proofs of Service indicate that the server "left the summons at the individual's residence or usual place of abode," but the line to provide the name of the person with whom the summons was left is blank. [34] at p. 2; [35] at p. 10.

To perfect service by leaving a copy of the summons and complaint at the individual's residence, Rule 4(e) clearly requires the server to leave a copy "with someone of suitable age and discretion who resides there[.]" FED. R. CIV. P. 4(e)(2)(B). The Proofs of Service indicate that the packages were not left with an individual and therefore Jones and Cummings were not properly served under this portion of Rule 4. *See* [34] at p. 2; [35] at p. 10.

Jones and Cummings further allege that they each later received the same package via certified mail. The Proofs of Service each include a return receipt. *See* [34] at p. 3; [35] at p. 11.

Rule (4)(e) provides that service may be perfected under applicable state law rules. Mississippi Rule of Civil Procedure 4(c) in turn provides that a summons and complaint may be served "by first-class mail, postage prepaid to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." MISS. R. CIV. P. 4(c)(3)(A) (parenthesis omitted).

Jones' and Cummings' Motion [44] attaches copies of the documents they received via certified mail. *See* [44], Ex. 1, 2.[2] The documents do not include acknowledgements of service or return envelopes. *See id.* Jones and Cummings were not properly served under Mississippi Rule 4(c)(3).

Moreover, Mississippi Rule 4(c) only allows for service via certified mail "on a person *outside of this state*." MISS. R. CIV. P. 4(c)(5) (emphasis added). Jones and Cummings are Mississippi residents and unable to be served via this method.

Jones' and Cummings' Motion to Dismiss [44] is GRANTED. Toy's claims against them are dismissed *without prejudice* for insufficient service of process. *See* FED. R. CIV. P. 4(m) (if a plaintiff has not effected proper service within 120 days of the filing of a complaint, a court may dismiss the action *without prejudice* or allow additional time for service) (emphasis added).

III. *Belzoni Police Department's Motion to Set Aside Clerk's Entry of Default [55]; Toy's Motion for Default Judgment as to Belzoni Police Department [62]*

On December 30, 2024, on Toy's Motion [52], the Clerk of Court entered default as to the Belzoni Police Department ("BPD"). *See* [53]. BPD now asks the Court to set aside the entry of default, while Toy asks the Court to enter default judgment. *See* [55, 62].

Some procedural history is necessary for context here. Toy filed his Complaint [1] on March 12, 2024. Summonses [4] were issued as to Cummings, Gates, Jones, and Williams on that day. After no returns were filed, the Clerk entered its First Notice of Incomplete Process [6] as to all defendants on April 22, 2024. Toy then filed Summons Returns [7] as to Cummings, Gates, Jones, and Williams on May 24, 2024.

---

[2] The Court notes that the exhibits attached to the Motion [44] are only scans of documents. The exhibits include no affidavit attesting to the manner in which the documents were received. In any event, the Court accepts the Memorandum's [45] representations regarding the documents, given that they are corroborated by the sworn Proofs of Service. *See* [34] at p. 2; [35] at p. 7.

6

On May 24, 2024, all defendants *except for BPD* filed a Motion to Dismiss for Insufficient Service of Process [9]. The Motion [9] alleged that service was insufficient because the Complaint [1] was not attached to the summons. At this point, no summons had even been issued as to BPD.

On June 11, 2024 and July 11, 2024, the Clerk entered its Second [17] and Third Notice of Incomplete Process [18] as to BPD, respectively. On July 15, 2024, Magistrate Judge Virden entered an Order to Show Cause as to why BPD should not be dismissed for lack of service. On July 18, 2024, a Summons [20] was issued as to BPD and Toy filed a Summons Return [21] on August 2, 2024.

The Clerk then entered two Notices of Past Due Answer [22] as to BPD. On September 6, 2024, after BPD failed to answer and Toy failed to move for entry of default, Magistrate Judge Virden entered an Order to Show Cause [23] as to why BPD should not be dismissed for failure to prosecute.

On September 25, 2024, the Court entered an Order and Memorandum Opinion [25] denying the other defendants' Motion to Dismiss for Insufficient Service of Process [9]. That Order [25] directed the Clerk of Court to reissue summonses to *all* defendants and allowed Toy 45 days to perfect service. *See* [25].

On November 4, 2024, Toy filed Summons Returns [34, 35, 36] as to all defendants. On December 19, 2024, the Clerk entered its Third Notice of Past Due Answer [51] as to BPD. On December 27, 2024, Toy filed a Motion for Entry of Default [52] as to BPD. The Clerk entered default on December 30, 2024.

On January 3, 2025, counsel entered an appearance on behalf of BPD and filed the instant Motion to Set Aside [55] the entry of default.

7

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" In determining whether to set aside an entered default, the court considers (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). Although a motion to set aside an entry of default under Rule 55(c) is somewhat analogous to a motion to set aside a default judgment under Rule 60(b), the standard for setting aside an entry of default is less rigorous than setting aside a judgment for excusable neglect. *Id.* (citing *Meehan*, 652 F.2d at 276). "[M]odern federal procedure favors trials on the merits[.]" *Id.* (citation omitted).

First, BPD asserts that its failure to respond was not willful. Second, BPD argues that Toy will not be prejudiced by delay, given that BPD filed its Motion [55] four days after the entry of default. Third, BPD primarily asserts that it has a meritorious defense of improper service. It points out that the Summons Return [35] shows the Complaint [1] was sent via certified mail. *See* [35] at p. 7. As noted above, service via certified mail is only proper under Mississippi law where the defendant is out of state. *See* MISS. R. CIV. P. 4(c). BPD further asserts that it is not a legal entity capable of being sued apart from the City of Belzoni.

The Court agrees that setting aside the entered default will not prejudice Toy. The case is still in its early stages and BPD moved to set aside the default quickly after it was entered. The Court further acknowledges that the history of failed service attempts has created confusion in the case. Lastly, the Court emphasizes that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules[.]" *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Therefore, BPD's Motion to Set Aside Clerk's Entry of Default [55] is GRANTED. Toy's Motion for Default Judgment [62] is DENIED.

*Conclusion*

For the reasons set forth above, Gates' Motion to Dismiss [32] is GRANTED. Toy's claim against Gates is dismissed *with prejudice*. Pursuant to Local Uniform Civil Rule 16(b)(3)(B), this case has been stayed pending the resolution of Gates' Motion [32] asserting an immunity defense. *See* [41]. The stay is hereby LIFTED. The Clerk of Court is directed to terminate Gates as a party on the docket.

Toy's Motion to Grant [50] is DENIED as moot.

Jones' and Cummings' Motion to Dismiss [44] is GRANTED. Toy's claims against them are dismissed *without prejudice*. The Clerk of Court is directed to terminate them as parties on the docket.

The Belzoni Police Department's Motion to Set Aside Clerk's Entry of Default [55] is GRANTED. The Entry of Default is hereby SET ASIDE.

Toy's Motion for Default Judgment [62] is DENIED.

Toy's claims against the Belzoni Police Department, the Humphreys County Sheriff's Department, and Sheriff Bruce Williams remain active at this time. The Magistrate Judge will hold a case management conference in due course.

SO ORDERED, this the 2nd day of June, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE